Glenn R. Kantor, Esq. [SBN 122643]
e-mail: gkantor@kantorlaw.net
**KANTOR & KANTOR, LLP**
19839 Nordhoff Street
Northridge, CA 91324
Telephone: (818) 886-2525
Facsimile: (818) 350-6272

RUSSELL G. PETTI, State Bar No. 137160
THE LAW OFFICES OF RUSSELL G. PETTI
466 Foothill Blvd., # 389
La Canada, California 91011
818 952-2168Telephone
818 952-2186 Facsimile
Email:  Rpetti@petti-legal.com

Attorneys for Plaintiff Anthony Pesce

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY PESCE, | CASE NO: |
| Plaintiff, | COMPLAINT FOR: |
| VS. | BREACH OF THE EMPLOYEE RETIREMENT INCOME SECURITY ACT OF 1974; INJUNCTIVE, EQUITABLE AND DECLARATORY RELIEF; PREJUDGMENT AND POSTJUDGMENT INTEREST; AND ATTORNEYS' FEES' AND COSTS |
| LIBERTY LIFE ASSURANCE COMPANY OF BOSTON, | |
| Defendant. | |

Plaintiff, Anthony Pesce (hereinafter "Plaintiff" or "Mr. Pesce"), herein sets forth the allegations of his Complaint against Liberty Life Assurance Company of Boston ("Liberty" or "Defendant").

## **PRELIMINARY ALLEGATIONS**

1.    "Jurisdiction" - This action is brought under 29 U.S.C. §§ 1132(a), (e), (f) and (g) of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA") as it involves a claim by Mr. Pesce for employee benefits under an

1

1   employee benefit plan regulated and governed under ERISA.  Jurisdiction is
2   predicated under these code sections as well as 28 U.S.C. § 1331 as this action
3   involves a federal question.

4       2.      This action is brought for the purpose of obtaining Mr. Pesce benefits
5   under the terms of a long term disability ("LTD") Plan.  It is also brought to enforce
6   Mr. Pesce's rights as to an LTD employee benefit plan.  Mr. Pesce also seeks
7   appropriate equitable relief, prejudgement and postjudgment interest, and attorneys'
8   fees and costs.

9       3.      Mr. Pesce was at all times relevant an employee of Ecolab, Inc.
10  ("Ecolab").  At all relevant times he was a resident of Los Angeles, California, in the
11  County of Los Angeles.

12      4.      Due to Mr. Pesce's employment with Ecolab he was entitled to
13  participate in the Ecolab LTD Plan, an ERISA plan which provides long term
14  disability benefits through a policy of insurance issued by Defendant Liberty.  Mr.
15  Pesce became covered under the Ecolab LTD Plan and, while covered, he became
16  entitled to LTD benefits under the Ecolab LTD Plan.

17      5.      Defendant Liberty is a New Hampshire corporation with its principal
18  place of business in Boston, Massachusetts.   Liberty had the authority to make all
19  decisions as to whether a participant was entitled to benefits under the Ecolab LTD
20  Plan.  Further, the Ecolab LTD Plan was fully funded through the purchase of a
21  Liberty policy.  As such, Liberty had the sole responsibility to pay benefits under the
22  Ecolab LTD Plan.

23      6.      Liberty can be found in this judicial district.  Thus, venue is proper in this
24  judicial district pursuant to 29 U.S.C. § 1132(e)(2) (special venue rules applicable to
25  ERISA actions).   In addition, Mr. Pesce resides in this judicial district, and his claim
26  was denied in this judicial district.  As such, his claim arose in this judicial district.
27  ///
28  ///

2

## STATEMENT OF RELEVANT FACTS

7.     At all times relevant Mr. Pesce was employed by Ecolab.   His job entailed conducting field visits with Ecolab customers, who were generally commercial beverage manufacturers.  During these field visits Mr. Pesce would sample the water used by the manufacturer in making the beverage, test the water, and inform the manufacturer as to what sort of water treatment chemicals were necessary to correct any problems found with the water.  His job was demanding and required constant travel, a great deal of walking, climbing, lifting, carrying and using his hands for drawing water samples and testing them.

8.     During the course of Mr. Pesce's employment he became entitled to benefits under the terms and conditions of the Ecolab LTD Plan.  Specifically, while Mr. Pesce was covered under the Ecolab LTD Plan, he suffered a disability rendering him totally disabled as defined under the terms of the Ecolab LTD Plan.  This disability stemmed from a number of significant medical problems, for which Mr. Pesce required, among other procedures, a total left shoulder replacement, replacement of both hips, spinal fusion, and left knee replacement.

9.     Mr. Pesce left work due to his disability on April 28, 2014.  He filed a claim for short term disability ("STD") benefits with his employer, Ecolab, under its self funded STD benefit plan.  ("the STD Plan").  Liberty, acting as third party administrator with respect to the STD Plan, denied Mr. Pesce's STD claim, and that matter is currently in litigation.  In the course of handling Mr. Pesce's STD claim, Liberty recognized that he had gone out of work on April 28, 2014.

10.     As to Mr. Pesce's LTD claim, he recognized during August of 2015 that he would not recover to return to work Ecolab and, through counsel, attempted to file a claim with Liberty.  His counsel made several oral requests to initiate a claim and, after several months with no response from Liberty, on November 17, 2015 his counsel wrote to Liberty, asking for claim forms with which to file a LTD claim.  A ///

3

true and correct copy of this letter (without attachments) is attached to this Complaint as Exhibit A.

11.     Instead of sending the requested claim forms, on December 10, 2015 Liberty denied Mr. Pesce's LTD claim.  According to Liberty's denial letter, Liberty denied Mr. Pesce's claim because, Liberty claimed, he was claiming disability as of August 28, 2015, which was after his coverage under the Ecolab LTD Plan lapsed. Liberty's December 10th denial letter invited Ms. Pesce to appeal from this denial. A true and correct copy of the denial letter is attached to this Complaint as Exhibit B.

12.     On December 18, 2015 Mr. Pesce, through counsel, appealed the denial of Mr. Pesce's LTD claim.  This appeal letter clarified that Mr. Pesce was claiming disability as of April 28, 2014.  A true and correct copy of this appeal letter is attached to this Complaint as Exhibit C.

13.     On July 25, 2016 Mr. Pesce, through counsel, finalized his appeal with the submission of 1030 pages of documents supporting his LTD claim.  A true and correct copy of this letter is attached as Exhibit D.

14.     On January 9, 2017, Liberty issued its denial of Mr. Pesce's LTD claim, on the grounds that Liberty did not believe that Mr. Pesce was disabled when he left work and through the Plan's elimination period.  A true and correct copy of Liberty's denial letter is attached to this Complaint as Exhibit E.  While Liberty's letter did not reference that Mr. Pesce's claim was on appeal from its earlier, December 10, 2015 denial, this does not change the fact that it was Mr. Pesce's appeal that Liberty was denying.

## FIRST CAUSE OF ACTION AGAINST DEFENDANT LIBERY FOR DENIAL OF PLAN BENEFITS

15.     Mr. Pesce refers to and incorporates by reference paragraphs 1 through 14 as though fully set forth herein.

16.     Liberty wrongfully denied Mr. Pesce's claim for LTD benefits, to which he was entitled under the terms of the Ecolab LTD Plan.

4

17.     Following the denial of Mr. Pesce's disability claim under the Ecolab LTD Plan, he appealed the denial to Liberty, which upheld the denial.

18.     As such, Mr. Pesce has exhausted all administrative remedies required under ERISA, and he has either performed all duties and obligations on his part to be performed under the Ecolab LTD Plan, or those duties have been waived or excused as a matter of law.

19.      As a proximate result of the aforementioned wrongful conduct of Liberty Mr. Pesce has damages for loss of disability benefits in a total sum to be shown at the time of trial.

20.     As a further direct and proximate result of this improper determination regarding Mr. Pesce's LTD claim, in pursuing this action has been required to incur attorneys' costs and fees.  Pursuant to 29 U.S.C. § 1132(g)(1), Mr. Pesce is entitled to have such fees and costs paid by Liberty.

## SECOND CAUSE OF ACTION AGAINST DEFENDANT LIBERTY FOR EQUITABLE RELIEF

21.     Mr. Pesce refers to and incorporates by reference paragraphs 1 through 20 as though fully set forth herein.

22.     As a direct and proximate result of Liberty's failure to pay disability benefits to Mr. Pesce, and the resulting injuries and damages sustained by him as alleged herein, he is entitled to and hereby requests that this Court grant him the following relief pursuant to 29 U.S.C. § 1132(a)(3):

     i.    Restitution of all past benefits due to Mr. Pesce under the Ecolab LTD Plan, plus prejudgment and postjudgment interest at the lawful rate;

     ii.   Issuance of a mandatory injunction requiring Defendant Liberty to immediately qualify Mr. Pesce for past disability benefits under the Ecolab LTD Plan and to continue payment of benefits so long as he remains disabled; and

5

iii.    Such other and further relief as the Court deems necessary and proper to protect Mr. Pesce's interests as a disabled employee and/or participant under the Ecolab LTD Plan.

### THIRD CAUSE OF ACTION AGAINST DEFENDANT LIBERTY FOR DECLARATORY RELIEF

23.    Mr. Pesce refers to and incorporates by reference paragraphs 1 through 22 as though fully set forth herein.

24.    A controversy now exists between Defendant on the one hand and Plaintiff on the other as to whether Plaintiff is disabled under the terms of the Ecolab LTD Plan.  Plaintiff seeks a declaration by this Court that Plaintiff meets the Ecolab LTD Plan's definition of disability.  Plaintiff further seeks a declaration by this Court that, if in fact Plaintiff is found to have been and continued to remain disabled under the terms of the controlling Plan documents, all benefits provided under the Plan while a participant is disabled be reinstated retroactive to the date when Plaintiff first became entitled to disability benefits.

### REQUEST FOR RELIEF

WHEREFORE, Plaintiff Anthony Pesce prays for relief against Defendant Liberty Life Assurance Company of Boston as follows:

1.    Payment of disability benefits due Plaintiff;

2.    For a declaration that Plaintiff is disabled under the terms of the Ecolab LTD Plan and is entitled to receive benefits for the same while Plaintiff is, was, and continues to be disabled;

3.    For injunctive relief requiring payment of all disability benefits and any other employee benefits owed under the LTD Plan;

4.    Pursuant to 29 U.S.C. section 1132(g), for all costs and attorney fees incurred in pursuing this action;

///

///

6

1        5.      For prejudgement and postjudgment interest; and

2        6.      For such other and further relief as this Court deems just and proper.

3

4    DATED: January 17, 2017              Kantor & Kantor LLP
                                          Law Offices of Russell G. Petti
5

6                                         BY     S/*Russell G. Petti*
7                                                RUSSELL G. PETTI
                                                 ATTORNEY FOR PLAINTIFF
8                                                ANTHONY PESCE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7

**COMPLAINT FOR ERISA BENEFITS; Case No. _____**

# EXHIBIT A

# Russell G. Petti

The Law Offices of Russell G. Petti

*E-mail: RPetti@petti-legal.com • www.petti-legal.com*

November 17, 2015

***Via Facsimile and U.S. Mail***
Aimee Laflamme
Disability Claim Manager
Liberty Life Assurance Company of Boston
P.O. Box 7206
London KY 40742-7206
Facsimile: (603) 334-0401

**Re:   Anthony Pesce, LTD Claim**
**Employer: Ecolab Inc.**
**LTD Policy No.: GF3-840-443918-01**

Dear Ms. Laflamme:

I represent Mr. Anthony Pesce, along with Mr. Kantor and Ms. Perez. I am writing with respect to Mr. Pesce's long term disability ("LTD") claim. I am writing to you because you were involved with Mr. Pesce's STD claim. I recognize that there may be another department in Liberty to which I should be writing about this. If so, I would appreciate if you would either pass this letter to the appropriate person or provide me with that person's contact information.

I understand from Ms. Perez that Mr. Pesce has been attempting to initiate an LTD claim for some time, without getting a lot of traction. As such, I am writing to provide formal Notice of Mr. Pesce's LTD claim. Further, I am requesting that Liberty provide me with the applicable LTD claim forms.

Enclosed with this letter is a letter from Mr. Pesce confirming my representation with respect to this matter. Also enclosed is an authorization where Mr. Pesce confirms that Liberty may share his confidential medical information with me.

Aimee Laflamme
November 17, 2015
Page No. 2

Please let me know if there is anything else Liberty requires to get Mr. Pesce's LTD claim started. An expeditious response would be appreciated.

Very truly yours,

Russell G. Petti

Enclosures

cc:    Beth Perez (via email)
       Anthony Pesce (via email)

# Russell G. Petti

The Law Offices of Russell G. Petti                    *E-mail: RPetti@petti-legal.com • www.petti-legal.com*

November 13, 2015

**Via Facsimile and U.S. Mail**
Liberty Life Assurance Company of Boston
P.O. Box 7206
London KY 40742-7206
Facsimile: (603) 334-0401

> **Re:   Anthony Pesce, LTD Claim**
> **Employer: Ecolab Inc.**
> **LTD Policy No.: GF3-840-443918-01**

To whom it may concern:

This is to confirm that I have appointed Mr. Petti as my attorney with respect to all aspects of my claims for disability benefits against Liberty Life, Ecolab Inc., and the relevant Ecolab benefits plan, as well as with respect to all collateral matters. Please ensure that, in the future, all communications within this scope of representation be directed through him, in connection with Mr. Kantor and Ms. Perez.

Very truly yours,

Anthony Pesce

# EXHIBIT B


**Liberty Mutual.**
**INSURANCE**

Liberty Life Assurance Company of Boston
Group Benefits Disability Claims
P.O. Box 7206
London, KY 40742-7206
Phone No.: (800) 210-0268
Secure Fax No.: (603) 334-3528

December 10, 2015

Mr. Anthony Pesce
C/O RUSSELL PETTI
LAW OFFICE OF RUSSELL PETTI
466 FOOTHILL BLVD #389
LA CANADA, CA 91011

RE:   Long Term Disability (LTD) Benefits
      Ecolab Inc
      Claim #: 5545197

Dear Mr. Anthony Pesce:

Liberty Life Assurance Company of Boston ("Liberty") is responsible for managing claims for Long Term Disability (LTD) benefits under Ecolab Inc's Group Disability Plan. We are writing in reference to your claim for LTD benefits under the Plan.

Based on the information received, your claim has been denied and no benefits are payable.

The Plan contains the following provision regarding termination of coverage:

### Termination of a Covered Person's Insurance

*A Covered Person will cease to be insured on the earliest of the following dates:*

1. *the date this policy terminates, but without prejudice to any claim originating prior to the time of termination;*

2. *the date the Covered Person is no longer in an eligible class;*

3. *the date the Covered Person's class is no longer included for insurance;*

4. *the last day for which any required Employee contribution has been made;*

5. *the date employment terminates. Cessation of Active Employment will be deemed termination of employment, except the insurance will be continued for an Employee absent due to Disability during:*

   a. *the Elimination Period; and*
   b. *any period during which premium is being waived.*

1  of  3

6. *the date the Covered Person ceases active work due to a labor dispute, including any strike, work slowdown, or lockout.*

*Liberty reserves the right to review and terminate all classes insured under this policy if any class(es) cease(s) to be covered.*

Since your date of disability is August 28, 2015 and you were terminated on April 30, 2014, we are unable to approve your claim.

To be eligible to receive benefits, the Plan requires that you remain in active employment as follows:

*"Active Employment"* *means the Employee must be actively at work for the Sponsor:*

1. *on a full-time or part-time basis and paid regular earnings;*

2. *for at least the minimum number of hours shown in the Schedule of Benefits; and either perform such work:*

   a. *at the Sponsor's usual place of business; or*
   b. *at a location to which the Sponsor's business requires the Employee to travel.*

*An Employee will be considered actively at work if he was actually at work on the day immediately preceding:*

1. *a weekend (except where one or both of these days are scheduled work days);*

2. *holidays (except when the holiday is a scheduled work day);*

3. *paid vacations;*

4. *any non-scheduled work day;*

5. *an excused leave of absence (except medical leave for the Covered Person's own disabling condition and lay-off); and*

6. *an emergency leave of absence (except emergency medical leave for the Covered Person's own disabling condition).*

Since were not in active emplooyment as of your date of disability, we are unable to approve your claim.

This claim determination reflects an evaluation of the claim facts and the Plan provisions. We reserve the right to make a determination on any additional information that may be submitted.

Under the Employee Retirement Income Security Act of 1974 (ERISA), you may request a review of this denial by writing to the address below:

The Liberty Life Assurance Company of Boston
Disability Claims
P.O. Box 7206
London, KY 40742-7206

The written request for review must be sent within 180 days from the date of this letter and state the reasons you feel your claim should not have been denied. In your request for review please include the following documentation:

Information showing that you were still employed by Ecolab/Nalco Champion as of August 28, 2015, your date of disability, and information such as office notes, consultations, operative reports, therapy notes, prescription histories, treatment plans, and any other claim specific information (from all treating providers) which will support your claim for disability benefits from August 28, 2015 forward.

You should also provide any additional information that you feel will support your claim.

You may request to review pertinent claim file documents upon which the denial of benefits was based. If Liberty Life does not receive your written request for review within 0 days from the date of this notice, our claim decision will be final, your file will remain closed, and no further review will be conducted.

Under normal circumstances, you will be notified of the final decision within 0 days from the date your request is received.

If special circumstances cause a delay in our decision, you will be notified of the final decision no later than 0 days from the date your request is received.

Nothing in this letter should be construed as a waiver of any rights and defenses under the above captioned Plan, and all of these rights and defenses are reserved to the company, whether or not they are specifically mentioned herein.

If you have any questions regarding this matter, please contact me.

Sincerely,

Deneen DeCost
Sr. LTD Case Manager
Phone No.: (800) 210-0268 Ext. 16134
Secure Fax No.: (603) 334-3528

*001642*

LIBERTY LIFE ASSURANCE COMPANY OF BOSTON
GROUP BENEFITS DISABILITY CLAIMS
P.O. BOX 7206
LONDON, KY 40742-7206




MR. ANTHONY PESCE
C/O RUSSELL PETTI
LAW OFFICE OF RUSSELL PETTI
466 FOOTHILL BLVD #389
LA CANADA CA 91011

4000000300000001921838001642



# EXHIBIT C

# Russell G. Petti

The Law Offices of Russell G. Petti

*E-mail: RPetti@petti-legal.com • www.petti-legal.com*

December 18, 2015

**Via Facsimile and U.S. Mail**
Liberty Life Assurance Company of Boston
PO Box 7206
Lexington, KY 40742-7206
Facsimile: (603) 334-3528

### Re: Anthony Pesce, Claim No. 5545197

Dear Sir or Madam:

My name is Russell Petti, and I am representing Mr. Pesce with respect to his claim for long term disability ("LTD") benefits against Liberty Life Assurance Company of Boston ("Liberty"). Liberty should have a previously submitted statement of representation signed by Mr. Pesce.

I am in receipt of Liberty's letter of December 10, 2015, denying Mr. Pesce's claim for LTD benefits. I am afraid there are many problems with this letter.

Initially, the letter was apparently in response to my letter of November 17, 2015 to Ms. Laflamme seeking claim forms. Instead of sending me claim forms Liberty sent me a denial letter.

This is unfortunate, because Liberty's denial turns on a mistake that would have been avoided had we been provided claim forms. Specifically, Liberty's denial is premised on the notion that Mr. Pesce's "date of disability is August 28, 2015 and you were terminated on April 30, 2014 . . ." As such, Liberty concludes that Mr. Pesce was no longer covered by the Policy on his disability date.

But Liberty has the disability date wrong. Had we been allowed to submit a claim form, it would have informed Liberty that, in fact, Mr. Pesce's treating physician put him on disability on April 28, 2014. As such, Mr. Pesce's disability date was April 28, 2014, and therefore he was covered by the Policy as of his disability date.

Liberty doesn't have to take my word for the correct disability date, rather it need only consult its own files. Mr. Pesce's short term disability (STD) claim was handled by Liberty as a third party administrator. In the course of handling that claim, Liberty acknowledged a disability date of April 28, 2014. Enclosed with this letter is a sample page from the STD claim file, showing the proper disability date.

Liberty Life Assurance Company of Boston
December 18, 2015
Page No. 2

The denial letter contains other errors. According to the denial letters, Mr. Pesce has only "0 days" to submit his appeal and, upon its submission, Liberty will decide the appeal "within 0 days." This doesn't appear to be correct (and if it is, it is hardly sensible).

At any rate, Mr. Pesce is appealing the December 10, 2015 denial of his claim for LTD benefits. In support of Mr. Pesce's appeal, I am requesting that Liberty provide the following documents:

1. Pursuant to 29 U.S.C. § 1024 and 29 U.S.C. § 1133, a complete copy of the governing LTD Plan which was in effect at the time Liberty made its decision to deny Mr. Pesce's claim. By this I mean the actual policy of insurance as well as the applicable Summary Plan Description;

2. Copies of any other relevant policy or plan that might provide benefits in the event of Mr. Pesce's disability;

3. Pursuant to 29 U.S.C. § 1133 and 29 CFR § 2560.503-1(j)(3), the complete claims file at the time that Liberty denied Mr. Pesce's claim. This should include any surveillance videos and surveillance reports. It should also include any documents in the possession of third party vendors, such as medical file review companies or surveillance companies. I am aware from past experience that the file review companies will not disclose their communications with the file review physicians unless asked, and Liberty has a legal responsibility to ensure the Record is complete by inquiring of these third parties whether any documents related to Mr. Pesce's claim exist;

4. All documents showing the source of Liberty's apparent belief that Mr. Pesce's disability date was in August of 2015 rather than April of 2014;

5. Pursuant to 29 CFR § 2560.503-1(j)(5)(i), a copy of any "internal rule, guideline, protocol, or other similar criterion [which] was relied upon in making the adverse determination;" and

6. Pursuant to 29 CFR § 2560.503-1(j)(5)(i), any "statement of policy or guidance with respect to the plan concerning . . . the claimant's

Liberty Life Assurance Company of Boston
December 18, 2015
Page No. 3

> diagnosis without regard to whether such advice or statement was
> relied upon in making the benefit determination." In other words, Mr.
> Pesce is requesting, pursuant to the governing Department of Labor
> ("DOL") regulations, any claims handling materials, portions of claims
> manuals, or policy statements with respect to his diagnoses, whether
> these documents were utilized in handling his claim.

I look forward to receiving the documents and other material, as well as a
description of what is and what is not being provided. To the extent that the
documents can be provided in an electronic format, it would be very much
appreciated.

Upon my receipt and review of these documents, I will be providing
supplemental material in support of Mr. Pesce's. In this respect, I recognize that,
pursuant to DOL regulations, Liberty's time to finalize its decision on Mr. Pesce's
appeal does not begin to run until I have completed the submission of Mr.
Pesce's appeal.

Please call with any questions or comments.

Very truly yours,

Russell G. Petti

Encl.

cc:   Anthony Pesce
      Glenn Kantor
      Beth Perez
      Michael Cipres

# Liberty Mutual - Independent Evaluation

## Peer Review

Requested By:    Christine H. Ohara RN
Disability Claims
P.O. Box 7206
London, KY 40742-7206
(800) 210-0268 x26619
Fax:  (603) 334-0401

Document Locations

- [x] Document List
- [ ] Correspondence
- [ ] Paper File

Return Report to: GBLibertyVendorReferrals@libertymutual.com

| | | | |
|---|---|---|---|
| Customer Name: | ECOLAB INC | Date Sent: | 10/17/2014 |
| Funding type: | ASO | Coverage Type: | STD |
| Claimant Name: | ANTHONY    PESCE | Claim #: | 3333131 |
| Claimant Address: | ▮ | Claimant SSN: | ***-**-6893 |
| | | Claimant DOB: | ▮ 1958 |
| City: | SAN PEDRO | Claimant Tel. #: | (310) 245-4049 |
| State: | CA | Claimant DOD: | 4/28/2014 |
| Zip: | 90731-0000 | Primary Diagnosis: | BACK PAIN |
| Gender: | MALE | Att. Physician: | |
| Specialist Type Requested : | Dual Specialty | Physician: Phone/Fax | See below |

Referral Questions:

Vendor Chosen:     MES Solutions

Claimant Name:   ANTHONY   PESCE

# Russell G. Petti

The Law Office of Russell G. Petti                    *E-mail: Rpetti@petti-legal.com • www.petti-legal.com*

| | | | |
|---|---|---|---|
| **To:** | Liberty Life Assurance Company of Boston | **Date:** | December 18, 2015 |
| **Fax #:** | (603) 334-3528 | **Pages:** | 5, including this cover sheet |
| **From:** | Russell G. Petti | | |
| **Subject:** | Anthony Pesce, Claim No. 5545197 | | |

COMMENTS:

*NOTICE*: THIS MESSAGE IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL AND EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW, IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, OR THE EMPLOYEE OR AGENT RESPONSIBLE FOR DELIVERING THE MESSAGE TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE, AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS VIA THE U.S. POSTAL SERVICE. THANK YOU.

TRANSMISSION VERIFICATION REPORT

```
                                         TIME  : 12/18/2015 15:11
                                         NAME  :
                                         FAX   :
                                         TEL   :
                                         SER.# : E8J684498
```

```
DATE,TIME            12/18  15:10
FAX NO./NAME         16033343528
DURATION             00:00:50
PAGE(S)              05
RESULT               OK
MODE                 STANDARD
                     ECM
```

# EXHIBIT D

# Russell G. Petti

The Law Offices of Russell G. Petti                    *E-mail: RPetti@petti-legal.com • www.petti-legal.com*

July 25, 2016

***Via Facsimile and U.S. Mail***
Deneen DeCost
Liberty Life Assurance Company of Boston
PO Box 7206
Lexington, KY 40742-7206
Facsimile: (603) 334-3528

> **Re:   Anthony Pesce, Claim No. 5545197**

Dear Ms. DeCost:

Enclosed with this letter is a disc containing 1030 pages of documents we are submitting in support of Mr. Pesce's appeal. As can be seen from the enclosed documents, Mr. Pesce's treating physician put him on disability on April 28, 2014 and, as such, Mr. Pesce is claiming disability as of that date. Please note that, as Liberty's own file reflects, Mr. Pesce notified his employer by email that he was going on disability on April 29th, prior to his termination.

If you need any further information please do not hesitate to ask. Otherwise, this completes Mr. Pesces appeal, and we look forward to a favorable decision.

Very truly yours,

Russell G. Petti

Encl.

cc:   Anthony Pesce
      Glenn Kantor
      Beth Perez
      Michael Cipres

# Russell G. Petti

The Law Office of Russell G. Petti               *E-mail: Rpetti@petti-legal.com* • www.petti-legal.com

| **To:** | Deneen DeCost<br>Liberty Life Assurance<br>Company of Boston | **Date:** | July 25, 2016 |
|---------|---------------------------|-----------|---------------|
| **Fax #:** | (603) 334-3528 | **Pages:** | 2, including this cover sheet |
| **From:** | Russell G. Petti | | |
| **Subject:** | **Anthony Pesce, Claim No. 5545197** | | |

COMMENTS:

---

*NOTICE*: THIS MESSAGE IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL AND EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW, IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, OR THE EMPLOYEE OR AGENT RESPONSIBLE FOR DELIVERING THE MESSAGE TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED.  IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE, AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS VIA THE U.S. POSTAL SERVICE.  THANK YOU.

---

**466 Foothill Blvd. # 389 • La Canada, CA 91011**
**Tel: (818) 952-2168 • Fax: (818) 952-2186**

TRANSMISSION VERIFICATION REPORT

```
                                        TIME  : 07/25/2016 16:16
                                        NAME  :
                                        FAX   :
                                        TEL   :
                                        SER.# : E8J684498
```

```
DATE,TIME          07/25  16:16
FAX NO./NAME       16033343528
DURATION           00:00:24
PAGE(S)            02
RESULT             OK
MODE               STANDARD
                   ECM
```

# EXHIBIT E



Liberty Life Assurance Company of Boston
Group Benefits Disability Claims
P.O. Box 7213
London, KY 40742-7213
Phone No.: (888) 437-7611
Secure Fax No.: (603) 427-1866

January 9, 2017

Mr. Anthony Pesce
C/O RUSSELL PETTI
LAW OFFICE OF RUSSELL PETTI
466 FOOTHILL BLVD #389
LA CANADA, CA 91011

RE:    Long Term Disability (LTD) Benefits
       Ecolab
       Claim #: 5961858

Dear Mr. Anthony Pesce:

Liberty Life Assurance Company of Boston ("Liberty") is responsible for managing claims for Long
Term Disability (LTD) benefits under Ecolab's Group Disability Policy. We are writing in reference
to your claim for LTD benefits under the Policy.

We have completed a thorough review of your eligibility for benefits and have determined that
benefits are not payable. Ecolab's LTD Policy requires that to be eligible for benefits you must meet
the following definition of disability:

> *"**Disability**" or "**Disabled**" means:*
> *i. that during the Elimination Period and the next 12 months of Disability the*
> *Covered Person, as a result of Injury or Sickness, is unable to perform the*
> *Material and Substantial Duties of his Own Occupation; and*
> *ii. thereafter, the Covered Person is unable to perform, with reasonable continuity, the*
> *Material and Substantial Duties of Any Occupation.*
>
> *"**Own Occupation**" means the Covered Person's occupation that he was performing when*
> *his Disability or Partial Disability began. For the purposes of determining Disability under*
> *this policy, Liberty will consider the Covered Person's occupation as it is normally*
> *performed in the national economy.*
>
> *"**Any Occupation**" means any occupation that the Covered Person is or becomes*
> *reasonably fitted by training, education, experience, age, physical and mental capacity.*

Information Submitted

In order to evaluate whether or not you have met the above definition of disability, we requested
medical information from your physician(s). The following information was received:

1  of 4

- Office visit notes, Restrictions Form, and diagnostic test results from Dr. French dated 4/21/2014 – 11/1/16
- Office visit notes and Restrictions Forms from Dr. Peck dated 11/4/14 – 10/7/16
- Office visit notes and operative reports from Dr. Loddengaard dated 5/2/13 – 4/28/14
- Office visit notes, procedure reports, Restrictions Form, and diagnostic test results from Dr. Taub dated 11/21/12 – 10/7/14
- Medical records submitted from various providers dated 10/6/1995 – 3/9/16

Clinical Review – Physical Medicine and Rehabilitation

Upon receipt of the information and in order to obtain an understanding of your level of functionality, your file was referred to a physician, Board Certified in Physical Medicine and Rehabilitation. The clinical review concluded:

*Based on the medical records reviewed the claimant has continued to have episodes of increased low back pain. The impairment of low back pain is related to the following diagnoses: post laminectomy syndrome, status post L3 – S1 fusion, degenerative disc disease of the lumbosacral spine and spinal stenosis. Due to the impairment of low back pain the claimant would have the following restrictions and limitations:*

*1) No lift, push, pull greater than 30 pounds occasionally 10 pounds frequently*
*2) Sit continuously with change of position every hour for five minutes*
*3) Stand/walk occasionally with change of position every hour for five minutes*
*4) Occasional bend, reach, squat, stoop, kneel and crawl*
*5) No limits on fingering grasping or handling*

*The claimant from the date of disability on 4/28/2014 would have a sedentary capacity with the restrictions and limitations as above. There is nothing in the medical record to support an inability of the claimant to perform within an eight hour day within these restrictions from the date of disability through the present time. These restrictions limitations would be deemed permanent as the claimant has a permanent change in his functional anatomy due to the fusion that has been performed. The claimant also has degenerative changes which will only progress over time in the lumbosacral spine. The claimant would thus not have any improvement in these restrictions and limitations in the future.*

Peer-to-Peer Discussion with Dr. Peck

In order to ensure a full understanding of your level of impairment, the reviewing physician contacted your treating provider, Dr. Peck, to discuss treatment, functionality, and level of impairment. The conversation which occurred on January 5, 2017 is below:

*Dr. Peck noted that he was familiar with the claimant. He noted that the claimant had multiple orthopedic surgeries in the past including a left total shoulder replacement, bilateral hip replacements and a left total knee arthroplasty. Dr. Peck also noted that the claimant continued to complain of increased pain in the low back related to post laminectomy syndrome and the fusion the claimant had from L3 through S1. Dr. Peck noted that although the claimant had no*

*significant weakness he would be unable to sustain a sedentary work capacity. I mentioned to Dr. Peck that the claimant had returned after all the surgeries in the past. Dr. Peck noted that the cumulative effect of the surgeries as well as the continued low back pain would continue to limit the claimant to a less than sedentary capacity. He did not feel the claimant had a sustainable work capacity even at the sedentary level.*

### Vocational Analysis / Own Occupation

Your file was referred to a Vocational Specialist to determine the physical requirements of your Own Occupation.

Your occupation as a District Account Manager requires you to perform your occupation at a sedentary physical demand level defined as: Exerting up to 10 pounds of force occasionally (Occasionally: activity or condition exists up to 1/3 of the time) and/or a negligible amount of force frequently (Frequently: activity or condition exists from 1/3 to 2/3 of the time) to lift, carry, push, pull, or otherwise move objects, including the human body. Sedentary work involves sitting most of the time, but may involve walking or standing for brief periods of time. Jobs are sedentary if walking and standing are required only occasionally and all other sedentary criteria are met.

### Conclusion and Determination

Our investigation and claim determination is based on the information received and reviewed. Based on your date of disability, your LTD benefits were due to begin on October 25, 2014. Therefore, our investigation was based on whether or not the records appeared to support your inability to perform duties of your Own Occupation as of October 25, 2014. Based on the medical documentation received in relation to the requirements of your Own Occupation our conclusion is the evidence in the file does not indicate you satisfied the definition of disability as of the LTD benefit begin date. Thus no benefits are payable and we must deny your claim.

Specifically, the information submitted which was reviewed clinically did not support restrictions or limitations that would preclude you from performing your Own Occupation as of the LTD benefit begin date, or Any Occupation as of October 25, 2015. The evidence on file, in conjunction with the clinical review findings suggest you maintained a sustained sedentary work capacity. In an attempt to obtain more insight into your condition, the reviewing physician contacted Dr. Peck who opined while you do not have significant weakness you do not have full time sedentary capacity. While afforded the opportunity to provide input to support his opinion, Dr. Peck did not offer specific functional limitations or further clinical documentation to substantiate this opinion. While we understand you may continue to experience signs and symptoms related to your condition, they do not appear to be of a severity to warrant your inability to perform your occupation on a sustained basis.

In our review of your claim, Liberty Life has fully considered the Social Security Administration's ruling to approve Social Security Disability benefits. It should be noted, however, that while we have fully considered the Social Security Administration's ruling, the decision by the Social Security Administration does not determine entitlement to benefits under the terms and conditions of Ecolab's Policy. Moreover, Liberty Life has obtained and considered documentation that were not considered by the Social Security Administration in its determination process.

This claim determination reflects an evaluation of the claim facts and the Policy provisions. We reserve the right to make a determination on any additional information that may be submitted. Under the Employee Retirement Income Security Act of 1974 (ERISA), you may request a review of this denial by writing to the address below:

The Liberty Life Assurance Company of Boston
Disability Claims
P.O. Box 7213
London, KY 40742-7213

The written request for review must be sent within 180 days from the date of this letter and state the reasons you feel your claim should not have been denied. In your request for review please include the following documentation:

Office visit notes, procedure reports, physical therapy records, functional capacity examinations, pharmacy records, and diagnostic test results from Dr. French, Dr. Loddengaard, Dr. Peck, Dr. Taub, and all treating providers from January 1, 2014 to the date you are no longer disabled or to the date of your final appeal.

You should also provide any additional information that you feel will support your claim.
You may request to review pertinent claim file documents upon which the denial of benefits was based. If Liberty Life does not receive your written request for review within 180 days from the date of this notice, our claim decision will be final, your file will remain closed, and no further review will be conducted.

Under normal circumstances, you will be notified of the final decision within 45 days from the date your request is received.

If special circumstances cause a delay in our decision, you will be notified of the final decision no later than 90 days from the date your request is received.

Nothing in this letter should be construed as a waiver of any rights and defenses under the above captioned Policy, and all of these rights and defenses are reserved to the company, whether or not they are specifically mentioned herein.

If you have an open Family Medical Leave (FMLA) or State Leave claim with Liberty Mutual, you will receive a separate notification regarding the status of your leave.

If you have any questions regarding this matter, please contact me.

Sincerely,

Jennifer Cooper
Disability Claims Technical Specialist
Phone No.: (888) 437-7611 Ext. 16329
Secure Fax No.: (603) 427-1866